IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM BIRHANZL,

    Plaintiff,

    v.

RYAN SCHMIERBACH, JOHN DOES
1 THROUGH 3, and JANE DOES 1 AND 2,

    Defendants.

Civil No. 05-1965-BR

ORDER TO DISMISS

BROWN, Judge.

    Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by this Court on January 5, 2005, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## **BACKGROUND**

    Plaintiff alleges Defendant Schmierbach, an Oregon City Police Officer, along with other Oregon City Police Officers and

1 - ORDER TO DISMISS -

a Clackamas County Sheriff's Deputy, arrested and detained Plaintiff without probable cause. By way of remedy, Plaintiff seeks money damages.

**STANDARDS**

When a party is granted leave to proceed *in forma pauperis*, the court *shall* dismiss the case at any time if the court determines that:

(B) the action . . .

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989), *cert. denied*, 493 U.S. 1056 (1990).

In order to recover damages under § 1983 for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *See id*. at 487.

The rationale and conclusion of *Heck* also apply to cases in which criminal charges are pending. *See Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir.), *cert. denied*, 522 U.S. 814 (1997). A claim for damages that necessarily implicates the validity of pending criminal charges does not accrue until after the plaintiff has succeeded in the criminal realm. *See id*. at 701 (citing *Heck*).

Plaintiff does not allege the outcome of his arrest and detention. Plaintiff's claim for damages because he allegedly was detained unlawfully on invalid state charges may implicate the validity of pending state criminal charges and, therefore, would be barred by *Heck*. *See, e.g., Smithart v. Towery*, 79 F.3d 951,

952 (9th Cir. 1996) (*Heck* bars claims that police officers lacked probable cause to arrest and brought unfounded criminal charges). Plaintiff may be able to proceed with his claims if the charges against him have been dismissed or if he is acquitted, but in the absence of such facts, his claims are premature.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice. Plaintiff is further advised that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement.

IT IS SO ORDERED.

DATED this 10th day of February, 2006.

                                    /s/ Anna J. Brown
                                    ANNA J. BROWN
                                    United States District Judge